2024-1783

---

**United States Court of Appeals
For the Federal Circuit**

---

**ORTIZ & ASSOCIATES CONSULTING, LLC,**

*Plaintiff-Appellant*

**v.**

**VIZIO, INC.,**

*Defendants-Appellee*

---

Appeal from the United States District Court for the
Northern District of Texas in No. 3:23-cv-00791, Judge
David C. Godbey.

---

CORRECTED REPLY BRIEF OF APPELLANT
ORTIZ & ASSOCIATES CONSULTING, LLC

Attorneys for Appellant:

Ramey  LLP

<u>/s/ William P. Ramey, III</u>
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

i

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Appellant Ortiz & Associates Consulting, LLC ("Ortiz") certifies the following:

1. The full name of every party represented by the undersigned is Ortiz & Associates Consulting, LLC.

2. None/Not Applicable

3. None/Not Applicable

4. The names of all law firms and the partners or associates that appeared for Ortiz & Associates Consulting, LLC in the district court or are expected to appear in this Court are:

William P. Ramey, III
Susan Kalra
Linda Saltiel
Kyril Talanov
Donald Mahoney
Ramey LLP

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).

6.    None/Not Applicable

Date:  December 9, 2024                    /s/ William P. Ramey, III
                                           William P. Ramey, III

# TABLE OF CONTENTS

I. THE DISTRICT COURT ABUSED ITS DISCRETION IN FINDING THE CASE EXCEPTIONAL AND AWARDING FEES UNDER §285 AFTER THE PRIOR SANCTION OF DISMISSAL ...........................................................................1

    A.    The Section 285 Sanction was the Second Sanction ...............................1

    B.    Vizio Failed to Specifically Identify Any Licensed Products for Which Marking was Required.......................................................................5

    C.    Ortiz's First Amended Complaint Alleged that it Did not Have an Obligation to Mark as it is a Non-Practicing Entity.....................................6

    D.    There is No Requirement to Mark When Only Method Claims Are Asserted ........8

    E.    Ortiz Was Denied Due Process When the District Court Considered Matters Outside the Pleadings Without Providing Ortiz a Chance to Amend .....................9

    F.    Section 285 is Not a Broad Reservoir of Sanctioning Power .................9

    G.    Section 285, Rule 11 and Rule 37 are Distinct Sanction Provisions With Different Safeguards and Provisions ....................................................14

II. CONCLUSION AND RELIEF SOUGHT.......................................................16

# TABLE OF AUTHORITIES

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353(Fed. Cir. 2017).......................14

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993)..................8

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) ....................................................................................... 3, 5, 6

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860 (Fed. Cir. 2020) ........................................................................................2, 6

*buySAFE, Inc. v. Google, Inc.,* 765 F.3d 1350 (Fed.Cir.2014) ................................3

*ClearValue, Inc.,* 560 F.3d at 1309 (Fed. Cir. 2009) ........................................ 15, 16

*CXT Sys., Inc. v. Acad., Ltd.,* No. 2:18-cv-00171-RWS-RSP, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020)........................................................................8

*Fed. Deposit Ins. Co. v. Maxxam, Inc.,* 523 F.3d 566 (5th Cir. 2008) ....................15

*Finjan, Inc. v. Juniper Networks, Inc.*387 F. Supp. 3d 1004 (N.D. Cal. 2019), *aff'd,* 825 F. App'x 922 (Fed. Cir. 2020)........................................................7

*Huawei Techs. Co. Ltd v. T-Mobile US, Inc.,* No. 2:16-cv-00055-JRG-RSP, 2017 WL 5165606 (E.D. Tex. Oct. 15, 2017).....................................................8

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*876 F.3d 1372 (Fed. Cir 2017) .............................................................................................................3

*Jenkins v. Methodist Hosp. of Dallas,* 478 F.3d 255 (5th Cir. 2007) ......................15

*Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987 (5th Cir. 2005)...........................1

*Lans v. Gateway 2000, Inc.,* 84 F. Supp. 2d 112 (D.D.C. 1999), *aff'd sub nom. Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) ...........................4

*Lyn–Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282 (5th Cir.2002)........................1

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014)................................................................. 10, 13

*Park-In-Theatres*, 190 F.2d at 142 (1951)..............................................................16

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017) .......................................................................................................8

*Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-CV-00930, 2021 WL 3513871 (M.D. Tenn. Aug. 10, 2021) ................................................................5

*Thermolife Int'l LLC*, 922 F.3d at 1363 (Fed.Cir. 2019) ........................14

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 6787356 (E.D. Tex. Nov. 14, 2018)..................................8

*Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012) ...........................1, 3

*Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936)................................................................2

**Constitutional Provisions & Statutes**

35 U.S.C. § 287(a) ........................................................................4

**Rules & Regulations**

Fed. R. App. P. 26.1 ..................................................................... ii

Fed. R. App. P. Rule 32(a)(5) ......................................................17

Fed. R. App. P. Rule 32(a)(7)(B)..................................................17

# TABLE OF ABBREVIATIONS

*Parties*

| | |
|---|---|
| Plaintiff/Appellant | Ortiz & Associates Consulting, LLC |
| Defendant/Appellee | Vizio, Inc. |

*Patents-in-Suit*

| | |
|---|---|
| The '299 patent | U.S. Patent 9,147,299 |
| The '285 patent | U.S. Patent 9,549,285 ("Patents-in-Suit") |

*Defined Terms*

| | |
|---|---|
| District Court | United States District Court for the Northern District of Texas, the Honorable Judge David C. Godbey |
| Court of Appeals | United States Court of Appeals for the Federal Circuit |
| Asserted Claims | Claims 1-6 of the '299 patent and claims 1-13 of the '285 patent |

All emphasis in this brief is added unless otherwise indicated.

## I.  THE DISTRICT COURT ABUSED ITS DISCRETION IN FINDING THE CASE EXCEPTIONAL AND AWARDING FEES UNDER §285 AFTER THE PRIOR SANCTION OF DISMISSAL.

### A. The Section 285 Sanction was the Second Sanction

The District Court erred by sanctioning Ortiz twice.  There can be no question that a dismissal with prejudice is a sanction.  The Fifth Circuit has been clear that a dismissal with prejudice is a severe sanction.[1]  The subsequent Section 285 sanction was an abuse of discretion as the District Court had already sanctioned once.  While Vizio correctly asserts that a District Court has discretion in granting leave to amend,[2] there is a bias in favor of granting leave to amend.[3]  (citation omitted). In fact, the case cited by Vizio, provides that a district court must possess a substantial reason to deny a request for leave to amend, but may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.[4]  Vizio repeatedly provides that Otiz had already been provided an

---

[1] *See, e.g., Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (Dismissal with prejudice denies a litigant the opportunity to be heard and "operates as an adjudication on the merits." [citation omitted] Consequently, it is a "severe sanction" that should "be used only in extreme circumstances.").

[2] Appellee's Brief at 30.

[3] *Lyn–Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir.2002).

[4] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

opportunity to amend.[5] However, Ortiz's prior amendment was as allowed under Rule 15 after Vizio filed its motion to dismiss, and not by order.[6] The District Court did not rule on Vizio's first motion to dismiss or provide any guidance on its contents. Rather, the District Court mooted[7] Vizio's first motion to dismiss when Ortiz file is First Amended Complaint.[8]

In response to Vizio's Motion to Dismiss Ortiz's First Amended Complaint, Ortiz specifically provided cited law from this Court:

> The notice provisions of § 287 do not apply to patents directed to processes or methods. See *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co*., 297 U.S. 387, 395, 56 S.Ct. 528, 80 L.Ed. 736 (1936). Nor do they apply when a patentee never makes or sells a patented article. *Id*. at 398, 56 S.Ct. 528. Thus, a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer. *Arctic Cat Inc. v. Bombardier Recreational Products Inc*., 950 F.3d 860 at 864 (Fed. Cir. 2020).[9]

and further argued that

> [Vizio] speculates that Ortiz has licensed the patents-at-issue to other companies and that those other company products are not marked. Defendant "presumes" such licenses because of previous settlements. No information provided by Defendant shows that any products by other companies are covered by a license of the patents-at-issue. Listing a large number of companies that have potentially settled with Ortiz based on the patents-at-issue is evidence that the patents-at-issue are valid, and are potentially being infringed by many. This is not evidence

---

[5] Appellee's Brief at 7-10 and 30.
[6] Appx00140.
[7] Appx00381.
[8] Appx00312.
[9] Appx00573.

> of products not being properly marked. Defendant's Motion should be denied on this point.[10]

Thus, Ortiz made the argument that it was not required to mark as it was a nonpracticing entity and Vizio failed to identify any products that required marking. That the District Court disagreed and required Ortiz to plead compliance in its pleading is not contested. However, the District Court's dismissal without allowing Ortiz to amend does function as a sanction,[11] regardless of whether the District Court had discretion to deny the requested leave to amend. Therefore, the Section 285 sanction was the second sanction.

Vizio asserts that the Section 285 sanction is allowable after a pleading dismissal without leave to amend and cites *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*[12] However, the case is distinguishable as it concerned a finding that the patent-in-suit was invalid under Section 101, a question of law,[13] and not patent marking, a question of fact.[14] Moreover, Ortiz does not question that a Section 285 sanction may be available at a dismissal when granted without leave to amend, but not under the facts of this case, where an amendment could have cured the district

---

[10] Appx00574-Appx00575.

[11] *See, e.g., Webb*, 457 F. App'x at 452.

[12] 876 F.3d 1372, 1373 (Fed. Cir 2017).

[13] *See, e.g., buySAFE, Inc. v. Google, Inc.,* 765 F.3d 1350, 1351 (Fed.Cir.2014)

[14] *See, e.g., Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

court's note deficiencies. A second sanction for the same conduct should not be available without other aggravating factors.

Vizio next alleges that this Court has affirmed dismissals of complaints based on failing to meet statutory requirements.[15]  However, there was evidence in a case related to *Lans* that "Lans recalled that he had signed the document approximately ten years ago in the context of granting a license to IBM under the Lans patent. As such, Mr. Lans now understands that the patent is owned by his wholly-owned company, Uniboard."[16]  Therefore, *Lans* concerns a prior licensee that was licensed under the Lans patent to produce a patented article, namely a data display system for color graphics display.[17]

Vizio then attempts to differentiate *Artic Cat* by citation to a district court case from Tennessee wherein the district court provided:

> The only disagreement between the parties appears to be as to whether Sunless might be able to recover damages for continued infringement that occurred after the original Complaint was filed. (*See id.* at 6 ("Sunless is relying on having given Defendant *actual* notice under 35 U.S.C. § 287(a) by filing its original Complaint in this action, and is seeking monetary damages only for infringement taking place after the original Complaint was filed.").) And Selby is correct that it seems odd that Sunless would be able to recover damages based on allegations in its operative complaint regarding actions that had not even occurred when the *original* Complaint—which that amended complaint supposedly stands in the place of—was filed. As the court has already

---

[15] Appellee's Brief at 32.

[16] *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 114 (D.D.C. 1999), *aff'd sub nom. Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001)

[17] *See, e.g., Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1324 (Fed. Cir. 2001)

explained, however, that apparent oddity is merely a side effect of the fact that Sunless added its post-filing allegations pursuant to the wrong rule.[18]

Thus, the case's holding is that pre-suit damages are not available when the parties agree that marking was required. The *Sunless* case did not concern the issue of allowing an amended pleading on an issue of marking. Moreover, the *Sunless* case proceeded but without the issue of pre-suit damages.

### B. Vizio Failed to Specifically Identify Any Licensed Products for Which Marking was Required

The Federal Circuit has been clear that

[t]he alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent. The alleged infringer's burden is a burden of production, not one of persuasion or proof. Without some notice of what market products BRP believes required marking, Arctic Cat's universe of products for which it would have to establish compliance would be unbounded. [citation omitted] Permitting infringers to allege failure to mark without identifying any products could lead to a large scale fishing expedition and gamesmanship. Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention.[19]

Vizio asserts it has complied by generally identifying "Roku TV" and "Panasonic Viera" televisions.[20] However, such identification is not specific and requires Ortiz

---

[18] *Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-CV-00930, 2021 WL 3513871, at *4 (M.D. Tenn. Aug. 10, 2021).

[19] *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

[20] Appellee's Brief at 34-35.

to determine which Roku TV and which Panasonic Viera TV is alleged to be licensed. Moreover, Vizio's allegations of a licensed product come nowhere near what this Court found acceptable in *Artic Cat*, where the accused infringer specifically identified a license and specific products that were not marked. Here, Vizio identifies a settlements that it asserts are a *de facto* license and then, in a conclusory fashion, generally identifies broad categories of products. Taken together, Vizio has not met its burden to identify that either of Roku or Panasonic is an authorized licensee of Ortiz that has sold specific unmarked products.[21]

### C. Ortiz's First Amended Complaint Alleged that it Did not Have an Obligation to Mark as it is a Non-Practicing Entity

Vizio's Brief fails to grasp the fact that as a nonpracticing entity, Ortiz has no obligation to mark.[22] This Court has made that issue clear.[23] Therefore, it was entirely proper for Ortiz to allege that it is not required to mark and maintain that position in opposition to Vizio's Motion to Dismiss, absent any order from the District Court. Vizio argues that what Ortiz may have done in a Second Amended Complaint is irrelevant to the issue of the District Court's Exceptional Case finding an award of fees.[24] However, the issue is relevant to both that the dismissal was a

---

[21] *See, e.g., Arctic Cat Inc.*, 876 F.3d at 1368.
[22] Appellee's Brief at 35-37.
[23] *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020).
[24] Appellee's Brief at 35-37.

sanction and the issue that Ortiz's conduct cannot be exceptional warranting fees when it was not given a chance to amend. It is entirely proper for Ortiz to explain what would have been done had it been provided the chance to amend. Vizio attempts to paint the picture that Ortiz repeatedly failed to follow the guidance of the District Court. However, Ortiz was never provided the opportunity to comply with the District Court as the District Court dismissed with prejudice on its first order,[25] then the District Court found the case exceptional and awarded fees on its second order.[26]

Vizio misrepresents the scope of *Finjan, Inc. v. Juniper Networks, Inc.*[27] by asserting the case refutes the proposition at issue in this case, whether a failure to plead compliance with the marking statute is a factor that supports an award of fees under Section 285. *Finjan, Inc.* was a case at summary judgment where the district court merely determined that the plaintiff in that case did not offer any evidence of compliance with the marking statute and thus could not collect damages for a certain product.[28] Here, the parties were at the pleading stage and the District Court dismissed with prejudice, thus not providing Ortiz the opportunity to comply, and as

---

[25] Appx00012-Appx00020.

[26] Appx00001-Appx00010.

[27] 387 F. Supp. 3d 1004, 1017 (N.D. Cal. 2019), *aff'd,* 825 F. App'x 922 (Fed. Cir. 2020).

[28] *Finjan, Inc. v. Juniper Networks, Inc.*, 387 F. Supp. 3d 1004, 1017–18 (N.D. Cal. 2019), *aff'd,* 825 F. App'x 922 (Fed. Cir. 2020).

such, the failure to plead compliance is not a proper factor to support and exceptional case finding.

## D. There is No Requirement to Mark When Only Method Claims Are Asserted

Vizio conflates issues when it argues that there is an obligation to mark products when method and apparatus claims are involved.[29] Vizio cites numerous cases that were at the summary judgment stage or later where plaintiffs offered to drop or disclaim apparatus claims and keep only the method claims.[30] The present case is in a very different situation in that there are no asserted claims and Ortiz could have asserted only method claims in an amended complaint, and not asserted any apparatus claims, whether by disclaimer or otherwise. In such a situation, where apparatus claims are never asserted, only method claims, there would be no obligation to mark.[31] However, Ortiz was not provided the opportunity to amend.

---

[29] Appellee's Brief at 40-42.

[30] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017).*CXT Sys., Inc. v. Acad., Ltd.*, No. 2:18-cv-00171-RWS-RSP, 2020 WL 9936135, at *4 (E.D. Tex. Jan. 28, 2020); *see also Huawei Techs. Co. v. TMobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4183103, at *2 (E.D. Tex. Sept. 4, 2017), *report and recommendation adopted,* No. 2:16-cv-00052-JRG-RSP, 2017 WL 4251365 (E.D. Tex. Sept. 20, 2017); *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018); *Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*, No. 2:16-cv-00055-JRG-RSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct. 15, 2017), *report and recommendation adopted sub nom. Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-0055-JRG-RSP, 2017 WL 5157687 (E.D. Tex. Nov. 7, 2017).

[31] *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (patent marking does not apply to method claims).

With an opportunity to amend, Ortiz would have pleaded only the method claims from the '299 patent. That Vizio alleges the claims require acts of another does not at the pleading stage prevent Ortiz from asserting direct infringement.[32] Thus, the failure to plead compliance with the marking statute without being provided an opportunity to amend should not be a factor a court uses in determining whether a case is exceptional.

### E. Ortiz Was Denied Due Process When the District Court Considered Matters Outside the Pleadings Without Providing Ortiz a Chance to Amend

Ortiz does not disagree that a court may properly consider certain matters outside the pleadings in ruling on motions. However, Ortiz did not have a chance to address the "dismissals with prejudice" raised by the District Court in its order dismissing the case.[33] Therefore, Ortiz was not afforded due process. This lack of due process supports not using the failure to plead compliance with the marking statute as a factor supporting an exceptional case finding, especially when Ortiz was not provided an opportunity to amend.

### F. Section 285 is Not a Broad Reservoir of Sanctioning Power

---

[32] Appellee's Brief at 42.
[33] Appx00017-Appx00019.

Section 285 sanctions are "appropriate only in extraordinary circumstances."[34] Section 285 enable courts "to address 'unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force,' which made a case so unusual as to warrant fee-shifting."[35] Therefore, the Supreme Court has mandated that for the conduct of the losing party to support a Section 285 award it must been unfair or in bad faith, or of a type implicating some other equitable consideration of similar force.[36] In this case, none of the reasons the for which District Court found Ortiz's litigation conduct to be unreasonable support a finding of exceptionality and an award of fees because none of them alone, or taken together, were shown to be unfair or in bad faith or to implicate some other equitable consideration of similar force to fairness and bad faith. The District Court stretched the Supreme Court's use of the word unreasonable to encompass ordinary litigation conduct and alleged conduct that did not occur on the record before the District Court.

The District Court's finding that Ortiz litigated the case unreasonably because Ortiz failed to comply with the Court's discovery deadlines addresses conduct not before the District Court until the fee motion.[37] Vizio's Motion for Fees was the

---

[34] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 549, 134 S. Ct. 1749, 1753, 188 L. Ed. 2d 816 (2014).
[35] *Id.*
[36] *See, e.g., Octane Fitness, LLC*, 572 U.S. at 549.
[37] Appx00006.

first time it brought up Ortiz's infringement contentions or discovery requests.[38] Vizio never filed any motion with the District Court making the District Court aware of these alleged issues until its Motion for Fees. As such, Ortiz's alleged conduct was not before the District Court until after the case was dismissed. Had Vizio complained about the failure to serve infringement contentions while the case was open, Ortiz could have responded and the District Court would have allowed or disallowed further infringement contentions. However, Vizio filed no such motion and therefore there was no conduct before the District Court related to the infringement contentions before the case was closed. In short, Vizio waived complaining about Ortiz not serving infringement contentions. Vizio could have filed a motion noting such failure, but it did not and therefore waived complaining about it in a motion for fees.

Likewise, as to purported failure to serve discovery requests, seven months into a case, cannot support an exceptional case finding as again Vizio did not raise the issue with the District Court and therefore waived the issue. Moreover, there was adequate time for discovery and this issue does not support a finding of exceptionality.

The District Court erred in considering Ortiz's litigation conduct that was not properly before it until the motion for fees. At its heart, a Section 285 analysis

---

[38] Appx00605.

concerns the conduct of the litigation before a court and on the record. Basing sanctions on alleged off-record conduct such as in this case is an abuse of discretion. Ortiz should have the chance to address the alleged conduct before the case is closed for such conduct to be a factor that supports a finding of exceptionality and an award of fees. In other words, under the facts of this case, the alleged issues of not timely serving infringement contentions and not serving discovery were not issues in the case because Vizio failed to raise them during the case. Therefore, it was an abuse of discretion for the District Court to base its exceptional case finding on these issues. Vizio waived them by not raising with the District Court before the case was closed.

A motion for fees is not the appropriate time for a prevailing party to raise new issues in an attempt to paint the losing party as having litigated the case unreasonably, as happened in this case. A district court should address the conduct of the litigation from the party's position before the court in determining whether such conduct is unreasonable. Section 285 motions have become gotcha games where the prevailing party narrates a case against the losing party with new allegations of misconduct through both its motion for fees and reply. The losing party is left one chance to address the new allegations through its response. Allowing such use of new allegations where a prevailing party is allowed to control

the narrative almost guarantees that the award of fees will not be limited to exceptional cases.

A prevailing party should only be able to use conduct of the losing party that was already before the district court. Allowing Section-285 motions with conduct not before the district court makes the fee motions more about painting a picture of an unreasonable losing party than about addressing "conduct that is unfair or in bad faith" that occurred during the litigation. [39] Moreover, under the facts of this case, Ortiz was not allowed to address Vizio's alleged issues before the case was closed and therefore was not afforded due process because the issues were used to support a sanction. As well, considering the case was only 7-months old, and the only evidence before the District Court on this issue was Ortiz and its counsel planned to serve discovery and correct any outstanding issues after the Court ruled on the motion to dismiss so that neither party expended legal fees, the alleged issues are ordinary litigation strategy and do not support an exceptional case finding. [40]

The District Court's consideration that Ortiz offered $149,000 to settle the case supports an exceptional case finding is an abuse of discretion. This Court has been clear, "there is no minimum damages requirement to file a patent infringement case," and "[a]sserting seemingly low damages against multiple defendants—or

---

[39] *See, e.g., Octane Fitness, LLC*, 572 U.S. at 549.
[40] Appx00796.

settling with defendants for less than the cost of litigation—does not necessarily make a case 'exceptional' under § 285."[41]  The District Court attempted to justify this consideration by alleging that a pattern of litigation abuses is shown when coupled with the fact that other cases were dismissed voluntarily or for failure to state a claim before any discovery commenced.[42]  However, the District Court admitted that it did not have any evidence, because Vizio did not provide it, that showed the number or amount of settlement offers.[43]  As such, there is no legal or logical connection that Ortiz committed litigation abuses by dismissing a large number of other cases at or near the motion to dismiss stage with the settlement offer made in this case.  Further, as a matter of law, a settlement offer of $149,000 should not be considered nuisance value.  The District Court appears to have recognized that alone neither consideration supports an exceptional case finding, but abused its discretion when alleging the combination show the case was litigated unreasonably to support an exceptional case finding.

### G. Section 285, Rule 11 and Rule 37 are Distinct Sanction Provisions With Different Safeguards and Provisions

While Section 285 allows a district court to consider the totality of a case, alleged conduct that would be sanctionable under another sanction provision, such

---

[41] *Thermolife Int'l LLC*, 922 F.3d at 1363-4 *citing AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017).
[42] Appx00007.
[43] Appx00007.

as Rule 11 and Rule 37, should not be allowed to be used as a consideration under Section 285 unless violations of such rules are found. Section 285 may apply in cases where the conduct is not independently sanctionable, but where the conduct complained of is properly addressed under another sanction provision, i.e. would be independently sanctionable, such conduct is not a proper consideration under Section 285 unless a violation of the sanction provision is at least sought by the prevailing party. Here, the District Court found that Ortiz's pleading was so deficient or baseless that it dismissed with prejudice. However, whether a pleading is baseless is covered by Rule 11.[44] As no Rule 11 motion was sought, Ortiz was not provided the safeguard afforded under Rule 11. Instead of being given the chance to cure, Ortiz was twice sanctioned, once by dismissal and then again with the total attorneys' fees expended by Vizio on the matter. Allowing the District Court to use Section 285 to sanction for what would be a Rule 11 sanction violates Ortiz's due process and demands reversal.

Likewise, the alleged off-record discovery violations were properly handled under Rule 37.[45] However, the District Court recharacterized the purported off-record discovery violations into considerations supporting a Section 285 award.[46]

---

[44] *Fed. Deposit Ins. Co. v. Maxxam, Inc.,* 523 F.3d 566, 580 (5th Cir. 2008) ; *Jenkins v. Methodist Hosp. of Dallas,* 478 F.3d 255, 264 (5th Cir. 2007).
[45] *See, e.g., ClearValue, Inc.,* 560 F.3d at 1309.
[46] *See, e.g., ClearValue, Inc.,* 560 F.3d at 1309.

Such recharacterization is improper, just as it was improper to recharacterize alleged discovery violations into a violation of a court's inherent power in *ClearValue*.[47]

A Section 285 sanction *is not* a broad reservoir of sanctioning power. Rather, the sanction is limited to those 'extraordinary circumstances,' those rare cases, where it would be inequitable not to shift fees,[48] or, as the Supreme Court has endorsed, when there are 'extraordinary circumstances.'[49] Here, there were viable claims in the operable pleading even assuming that this Court affirmed that Ortiz could not collect damages on its product and apparatus claims. However, the merits of the case were never considered.

## II.    CONCLUSION AND RELIEF SOUGHT

Ortiz & Associates Consulting, LLC was first sanctioned with the dismissal and sanctioned for a second time with the award of fees. Ortiz & Associates Consulting, LLC seeks a reversal and rendering that the case is not exceptional and an Order relieving it from the District Court's Order awarding attorneys' fees under §285 for the reasons stated herein.

Date:  December 9, 2024                  Respectfully submitted,

                                                         **Ramey LLP**

                                                         */s/ William P. Ramey, III*
                                                         William P. Ramey, III

---

[47] *See, e.g., ClearValue, Inc.,* 560 F.3d at 1309.
[48] *Park-In-Theatres*, 190 F.2d at 142, 143.
[49] *Park-In-Theatres*, 190 F.2d at 142, 143.

Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923 (Telephone)

**ATTORNEYS FOR ORTIZ &
ASSOCIATES CONSULTING, LLC**

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on December 9, 2024, by electronic means (by email or CM/ECF).

By:   */s/ William P. Ramey, III*
William P. Ramey, III

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)

The undersigned counsel of records for Plaintiff-Appellant, Ortiz & Associates Consulting, LLC, certifies that this Principal Brief of Plaintiff-Appellants complies with the typeface requirement provided in Rule 32(a)(5) and type-volume limitation provided in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. In preparing this certificate, I relied on word-count program of Microsoft Word 2023.  This Brief contains 4,013 words.

Dated:       December 9, 2024       By:   /s/ William P. Ramey, III
William P. Ramey, III