NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ORTIZ & ASSOCIATES CONSULTING, LLC,**
*Plaintiff-Appellant*

**v.**

**VIZIO, INC.,**
*Defendant-Appellee*

---

2024-1783

---

Appeal from the United States District Court for the Northern District of Texas in No. 3:23-cv-00791-N, Judge David C. Godbey.

---

Decided: December 17, 2025

---

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, argued for plaintiff-appellant.

STEVEN WAYNE HARTSELL, Skiermont Derby LLP, Dallas, TX, argued for defendant-appellee. Also represented by PAUL SKIERMONT; REX HWANG, Los Angeles, CA.

---

Before TARANTO, BRYSON, and CUNNINGHAM, *Circuit Judges*.

BRYSON, *Circuit Judge*.

This patent infringement action was brought by Ortiz & Associates Consulting, LLC ("Ortiz") against Vizio, Inc. After the district court granted Vizio's motion to dismiss Ortiz's first amended complaint, Vizio filed a motion for attorney fees under 35 U.S.C. § 285, which the district court granted. For the reasons set forth below, we affirm.

I

Ortiz is the assignee of U.S. Patent Nos. 9,147,299 ("the '299 Patent") and 9,549,285 ("the '285 patent"), the two patents asserted against Vizio in this case. At the time Ortiz filed its complaint, both patents had expired, so Ortiz's claim for damages was limited, at most, to damages that accrued during the pre-suit period when the patents were in force.

Vizio filed a motion to dismiss the complaint, arguing *inter alia* that Ortiz had failed to plead compliance with the patent marking statute, 35 U.S.C. § 287. Because compliance with the marking statute is normally a prerequisite for obtaining pre-suit infringement damages for products sold by an accused infringer, Vizio argued in its motion to dismiss that Ortiz had no right to damages for pre-suit infringement and thus had not presented any theory on which it was entitled to relief. J.A. 140–70.

In response, Ortiz filed an amended complaint in which it dropped some of its claims. But Ortiz did not plead compliance with section 287 or otherwise address Vizio's argument that the failure to comply with the requirements of section 287 required dismissal of the complaint. J.A. 312–73. Accordingly, Vizio filed a second motion to dismiss, reasserting its argument that Ortiz's failure to comply with section 287 was a ground for dismissal. J.A. 395–425.

The district court granted Vizio's motion and dismissed Ortiz's complaint with prejudice. J.A. 11–20. The court found that there were two independent grounds to dismiss the complaint, both resulting from Ortiz's failure to comply with the marking statute.

First, the court found that Panasonic Corp. of North America and Roku, Inc., were licensees of the asserted patents because of Ortiz's previous dismissal of lawsuits Ortiz brought against Panasonic and Roku alleging infringement of one or both of the asserted patents.[1] The district court found that those "dismissals with prejudice of patent infringement claims function[ed] as the equivalent of a license" even when there was no explicit licensing agreement entered in the record in those cases. J.A. 18. The district court ruled that Roku's and Panasonic's sale of licensed patented articles triggered the marking statute, and that "Ortiz was responsible for making reasonable efforts to ensure the patented articles were marked and pleading compliance with the marking statute." J.A. 18.

Second, the district court found that even if those dismissals did not constitute licenses as such, Ortiz's "failure to plead compliance with the marking statute provides an independent basis for dismissal." J.A. 18. The district court noted that Ortiz had the opportunity to plead compliance with the marking statute both in its original complaint and in its first amended complaint, but that it failed to do so, even after Vizio specifically alleged a failure to mark in its first motion to dismiss. J.A. 19.

Following the dismissal of Ortiz's first amended complaint, Vizio filed a motion for attorney fees under 35

---

[1] *Ortiz & Assocs. Consulting, LLC v. Roku, Inc.*, C.A. No. 1:18-cv-01265-MN, Dkt. Nos. 19, 20 (D. Del. 2019); *Ortiz & Assocs. Consulting, LLC v. Panasonic Corp. of N. Am.*, C.A. No. 1:19-cv-01921, Dkt. No. 11 (D. Del. 2020).

U.S.C. § 285 as well as 28 U.S.C. § 1927 and the court's inherent equitable powers. J.A. 597–620. The district court held that the case was exceptional and granted fees under section 285, but it declined to award fees under section 1927 or the court's inherent powers. J.A. 1–10.

The court found that the totality of the circumstances supported a finding that the case was exceptional within the meaning of section 285 because (1) "Ortiz's position was substantively weak given it knew, or should have known, that its complaint stated no viable damages theory" in that its expired patents "could not give rise to future damages, and Ortiz was apprised of the need to plead compliance with 35 U.S.C. § 287(a) to support its claim for pre-suit damages" but did not do so; (2) Ortiz's "litigation conduct was unreasonable in that it failed to comply with the Court's discovery deadlines, including deadlines to serve infringement contentions and discovery requests"; (3) Ortiz "made a settlement demand unrelated to the merits of [the] litigation"; and (4) Ortiz had a "history of infringement actions involving the Asserted Patents that have been voluntarily dismissed or were dismissed for failure to state a claim before any discovery commenced." J.A. 6–7. However, the district court found that Ortiz's counsel's manner of conducting the litigation did not rise to the level of misconduct sufficient to justify an award of fees under section 1927 or the court's inherent power. J.A. 8–9.

## II

Section 285 provides that a district court "may award reasonable attorney fees to the prevailing party" in an "exceptional" patent case. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014), the Supreme Court pointed out that section 285 "imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases."

The Court in *Octane Fitness* explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. at 554. District courts are directed to consider the totality of the circumstances in making a case-by-case determination of whether a case is "exceptional," and are accorded broad discretion in making that determination. *Id.*

A district court may award fees in a case in which a party's unreasonable conduct, "while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555; *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) ("Even if Lumen View's litigation conduct was not quite sanctionable, the court reasonably determined that the case was exceptional."). Conversely, certain conduct may be sanctionable yet not rise to the level of rendering the overall case exceptional. *Khan v. Hemosphere Inc.*, 825 F. App'x 762, 773 (Fed. Cir. 2020) (affirming the district court's denial of fees under section 285 for conduct that "was largely identical to the conduct" for which the parties had already been sanctioned).

A district court's exceptional-case determination is reviewed on appeal for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563–64 (2014). District courts are afforded "broad discretion" under a "generous standard" in making that determination. *In re Rembrandt Techs. LP Pat. Litig.*¸ 899 F.3d 1254, 1277 (Fed. Cir. 2018); *see EscapeX IP, LLC v. Google LLC*, No. 2024-1201, 2025 WL 3274847 (Fed. Cir. Nov. 25, 2025).

III

Ortiz raises a number of arguments on appeal. Some are directed to the district court's holding that this case was exceptional, while others challenge the district court's

underlying decision granting Vizio's motion to dismiss. Because Ortiz did not file a timely appeal from the dismissal order, we will not disturb the district court's dismissal of the complaint with prejudice.[2]

We conclude that the district court did not abuse its discretion in determining that this case was exceptional, both because Ortiz's litigation position was substantively weak and because its litigation conduct was unreasonable.

A

The district court determined that Ortiz had a "substantively weak" litigation position because Ortiz "knew, or should have known, that its complaint stated no viable damages theory," yet it failed to correct that deficiency in its first amended complaint, despite being apprised of the need to plead compliance with the patent marking statute, 35 U.S.C. § 287(a), to support its claim for pre-suit damages in Vizio's first motion to dismiss. J.A. 6.

The district court did not abuse its discretion in finding that Ortiz failed to allege any basis for arguing that it was entitled to damages. Ortiz was informed of that deficiency

---

[2] Ortiz's initial Notice of Appeal and Amended Notice of Appeal made no reference to the order of dismissal and final judgment, but were limited to the district court's grant of attorney fees. Ortiz's Second Amended Notice of Appeal purported, for the first time, to appeal the district court's order dismissing the case with prejudice and entering final judgment. ECF No. 1 at 5. However, that notice of appeal was filed nearly five months after the dismissal order and final judgment were issued, which was long after the deadline to file an appeal from the dismissal and judgment had passed. Ortiz's brief acknowledges that Ortiz chose not to appeal the dismissal and judgment, and that the merits of the dismissal order are not at issue in this appeal. Appellant's Br. at 3, 17.

in its complaint when Vizio filed its first motion to dismiss, yet Ortiz failed to take any steps in its first amended complaint to correct the problem or indicate why it was not a fatal defect. That failure highlights the weakness of Ortiz's litigating position.

In response to the district court's ruling on the marking issue, Ortiz argues (1) that because it does not produce any articles that practice its asserted patents, it had no obligations under the marking statute; (2) that the Panasonic and Roku dismissals with prejudice do not constitute patent licenses; and (3) that if the court had allowed it to file a second amended complaint, Ortiz would have amended its complaint to address the marking issue.

For more than a century and a half, patent law has required that a patentee either mark patented articles or provide notice to an accused infringer as a prerequisite to recovering damages for the sale of infringing articles. *Dunlap v. Schofield*, 152 U.S. 244, 247–48 (1894) ("[T]he patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patent, unless he has given notice of his right, either to the whole public, by marking his article 'Patented,' or to the particular defendants, by informing them of his patent, and of their infringement of it."); *see Providence Rubber Co. v. Goodyear*, 76 U.S. 788 (1869) (decided under the Act of Mar. 2, 1861, ch. 88, 12 Stat. 249); *see also* Act of Aug. 29, 1842, ch. 263 § 6, 5 Stat. 544–45 (1842).

The patentee is responsible for marking or providing notice, and whether he has done so "is a matter peculiarly within his own knowledge." *Dunlap*, 152 U.S. at 248. The patentee bears the burden of both pleading and proving that it complied with section 287(a)'s marking requirements. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*¸ 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996), and *Dunlap*, 152 U.S. at 248). "A patentee's licensees must also

comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat*, 876 F.3d at 1366 (quoting *Maxwell*, 86 F.3d at 1111). Thus, the fact that Ortiz does not make and sell products does not relieve it of the duty to ensure that any products made by its licensees that practice its patents are marked, or to explain why he does not have such a duty.

As for Ortiz's argument that the with-prejudice dismissals of Ortiz's actions against Roku and Panasonic did not constitute licenses that triggered the marking requirements, Ortiz could have argued that those settlements merely resolved Ortiz's claims of past infringement by those companies and did not give them the right to practice the asserted patents in the future. On that theory, Ortiz could have responded to Vizio's motion to dismiss by arguing that because Roku and Panasonic were not licensed to make and sell infringing products in the future, the marking statute imposed no obligation on Ortiz to make an effort to require Roku and Panasonic to mark the products Ortiz had accused of infringing its patents. But Ortiz did not make that argument in the district court and has not made that argument in this court.

Finally, Ortiz's argument that it would have complied with the marking requirement if the court had allowed it to file a second amended complaint is not convincing. In its first motion to dismiss, Vizio cited the *Arctic Cat* case and directed Ortiz to the portions of the court's opinion in that case requiring a plaintiff to plead that the marking statute was satisfied and making clear that the marking statute applies to licensees. J.A. 161–66. Ortiz later amended its complaint, but it made no effort to plead compliance with the marking statute despite being made

aware that it had the burden to do so.[3] Nor did Ortiz plead that it was not subject to the marking requirement for reasons such as that the Roku and Panasonic products did not practice the asserted patents and did not need to be marked, or that Ortiz had made reasonable efforts to require Roku and Panasonic to mark their products, but they had refused to do so. Ortiz thus had the opportunity to correct the marking problem, but it failed to do so.[4] Its

---

[3] Vizio's first motion to dismiss (J.A. 140–70) cited *Arctic Cat* and summarized the caselaw stating that the burden was on Ortiz to plead marking compliance, and that the marking statute applies even when a licensee, and not the patentee itself, produces the allegedly unmarked products. *See* J.A. 161–66. Ortiz made no changes relevant to marking in its amended complaint, and its response to that argument was simply to wait until after Vizio filed its second motion to dismiss to assert that because Ortiz does not make or sell a patented article, it "need not comply with Section 287." J.A. 377.

[4] Ortiz argues that it had no obligations under the marking statute because it could have dropped its apparatus claims and proceeded only on its method claims, which do not trigger the marking requirement. There are two problems with that argument. First, Ortiz did not drop its apparatus claims; second, this court has held that a patentee cannot avoid its marking obligations even by disclaiming claims during litigation. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017). There is also no force to Ortiz's argument that the marking statute does not apply to non-practicing entities such as Ortiz. In *Maxwell v. J. Baker, Inc.*, for example, this court held that the marking requirement applied to a non-practicing patentee who had licensed a third party to produce goods under her patent. The court found that

Case: 24-1783 Document: 43 Page: 10 Filed: 12/17/2025



contention that it was entitled to a third opportunity to do so is not persuasive.

B

The district court also did not abuse its discretion in finding that Ortiz litigated this case in an unreasonable manner.

1

The district court pointed out that Ortiz "failed to comply with the Court's discovery deadlines, including deadlines to serve infringement contentions and discovery requests." J.A. 6. Ortiz does not dispute that it failed to comply with the district court's discovery deadlines. Instead, Ortiz asserts that it chose not to comply with the court-imposed deadlines as a strategy to avoid having to devote resources to the case before the motion to dismiss was decided. J.A. 796 (Declaration of William P. Ramey, III) ("Ortiz and its counsel planned to serve discovery and correct any outstanding issues after the Court ruled on the motion to dismiss"); Appellant's Br. at 34 ("Ortiz's legal strategy was to get past the motion to dismiss so no party was burdened with excessive fees prior to serving discovery and correcting its disclosures."). Notably, at no point did Ortiz file a motion to stay the case or to modify the case schedule, even though the district court's scheduling order made clear (in underlined text) that "[t]he pendency of a Rule 12 motion to dismiss does not stay the case unless the Court explicitly so orders." J.A. 563.

Ortiz argues that its conduct regarding discovery was reasonable because discovery had not closed by the time the case was dismissed, and Ortiz planned to correct its

---

she had satisfied the marking requirement by making reasonable efforts to ensure that her licensee complied with the marking requirement. 86 F.3d at 1111–12.

noncompliance with its litigation obligations at some point in the future. Appellant's Br. 34. Ortiz's argument is essentially that a party should be free to ignore court-imposed deadlines if it believes it would be more economical to do so, as long as it intends to make up for its noncompliance at some later time. Ortiz cites no authority to support its novel argument. To the contrary, the Federal Rules of Civil Procedure make clear that district courts have the authority to establish and enforce case schedules and deadlines, including pretrial orders, and that parties may not deviate from those deadlines on their own volition. *See* Fed. R. Civ. P. 16 (requiring the district court to issue a scheduling order and permitting imposition of sanctions for a party's failure to obey the scheduling order); *González-Rivera v. Centro Médico Del Turabo, Inc.*, 931 F.3d 23, 25 (1st Cir. 2019) ("Scheduling orders are essential tools for modern-day case management, and litigants flout such orders at their peril.").

The district court did not err by taking Ortiz's non-compliance with its discovery obligations into account in finding that Ortiz had litigated unreasonably. *See Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 917 (Fed. Cir. 2019). While Ortiz argues that its conduct should have been evaluated under Rule 37 of the Federal Rules of Civil Procedure rather than under section 285, the fact that its behavior may have been separately sanctionable under other authority does not make its conduct immune from consideration in awarding attorney fees under section 285. *PS Prods. Inc. v. Panther Trading Co.*, 122 F.4th 893, 898 (Fed. Cir. 2024).

2

The district court also did not err by considering, as part of its "exceptional case" analysis, that Ortiz had filed a number of infringement actions involving the asserted patents that were dismissed voluntarily or for failure to state a claim before any discovery commenced, and that it

had made a settlement demand in this case that was below the cost of defense. J.A. 7–8.

This court has explained that "filing a large number of suits does not, by itself, justify an inference of . . . an improper motive," *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1363 (Fed. Cir. 2019), and that "[t]he mere existence of these other suits does not mandate negative inferences about the merits or purposes of this suit," *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1351 (Fed. Cir. 2015).

With that said, we have recognized that "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *Id.* at 1350. In particular, we have upheld fee awards: against a patentee who "exploit[ed] the high cost to defend complex litigation to extract a nuisance value settlement" from the defendant, *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1326–27 (Fed. Cir. 2011); against a patentee who "'made multiple settlement demands that were far less than the anticipated cost of defense,' i.e., nuisance value settlement offers," *Blackbird*, 944 F.3d at 916–17; and against a patentee whose "motivation for filing suit was to extract a nuisance settlement" and whose "'predatory strategy' of baseless litigation showed the need for deterrence," *Lumen View*, 811 F.3d at 481–83.

The district court found that Ortiz has "filed and voluntarily dismissed with prejudice a number of cases involving the Asserted Patents before or at the motion to dismiss stage." J.A. 7. In addition, while Ortiz contends that its $149,000 settlement demand was not a "nuisance value" settlement offer, the district court found that the

settlement demand was "below the cost of defense," J.A. 8, and Ortiz has not challenged that finding.[5]

We have previously ruled that "[a]sserting seemingly low damages against multiple defendants—or settling with defendants for less than the cost of litigation—does not necessarily make a case 'exceptional' under § 285." *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017). However, in cases in which there is other evidence of unreasonable litigation conduct, district courts may consider the nuisance value of the plaintiffs' settlement demands when engaging in a totality-of-the-circumstances analysis. *Id.* at 1361–62; *Blackbird*, 944 F.3d at 916–17. Based on all the factors considered by the district court in making its "exceptional case" finding, we conclude that the court did not abuse its discretion in finding that this case was "exceptional" within the meaning of section 285.

We have considered Ortiz's remaining arguments and find them unpersuasive. We affirm the district court's ruling granting an award of attorney fees to Vizio.

**AFFIRMED**

---

[5] Ortiz's argument as to why its settlement demand was not a "nuisance value" demand is that $149,000 is more than twice the median family income in the United States. Appellant's Br. 9, 38. That argument misses the point. A nuisance value settlement demand is a demand that is less than it would cost the opposing party to defend against the action, and Ortiz has not suggested that a comprehensive defense to a patent infringement action could be mounted for less than $149,000.